THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. WILLIAM F. COLLINS.

1. HEARSAY TESTIMONY — *No Material Error.* Where hearsay testimony is introduced in the trial of an action, but it appears that the adverse party's rights were not thereby prejudiced, *held*, that no material error was committed.

2. CASE, *Followed.* The case of *A. T. & S. F. Rld. Co. v. Temple*, just decided, followed.

3. INCOMPETENT EVIDENCE — *Harmless Error.* The admission of incompetent evidence, which is not prejudicial, is not sufficient ground to set aside a judgment and grant a new trial.

*Error from Finney District Court.*

JUDGMENT for plaintiff, *Collins*, at the August term, 1888. The defendant *Railroad Company* brings the case to this court. The facts sufficiently appear in the opinion.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

*Brown, Bierer & Cotteral,* for defendant in error.

Opinion by GREEN, C.: This was an action brought in the district court of Finney county, by William F. Collins against the Atchison, Topeka & Santa Fé Railroad Company, to re-cover damages for the loss of a mare, shipped from Winfield to Hartland over the railroad of the defendant below, under a written contract which provided:

"And for the consideration before mentioned, said party of the second part further agrees that, as a condition precedent to his right to recover any damages for loss or injury to said stock, he will give notice in writing of his claim therefor to some officer of said party of the first part, or its nearest station agent, before said stock is removed from the place of destina-tion above mentioned, or from the place of delivery of the same to said party of the second part, and before such stock is mingled with other stock."

The defendant answered that no notice had been given by the plaintiff for damages, as required by the contract. The plaintiff, in reply, alleged that the mare had been removed from the car at Garden City, with the knowledge and request of the defendant's agents; that after the death of the mare, the plaintiff notified the station agent in writing at Garden City of his claim for damages. The jury returned a verdict in favor of the plaintiff for the sum of $175. A motion for a new trial was overruled, and judgment was rendered for the amount of the verdict.

I. The first assignment of error is in the admission of tes-timony claimed to be hearsay. The plaintiff stated that he

had a conversation with one of the trainmen, about 15 minutes after the jar which it is claimed caused the injury to the mare, in which the man apologized for being so rough with the train, saying he thought that there was a brakeman on the bunch of cars which ran against the car of stock. The accident occurred at Valley Center. The car containing the plaintiff's stock was set out upon a siding, and, in switching, five or six cars were permitted to run down grade against the car occupied by the plaintiff. The plaintiff testified that the cars had no brakeman upon them. There was really no controversy about how the accident occurred. While the statement of the trainman was not a part of the *res gestœ*, its admission was immaterial error.

It is claimed that the plaintiff below was allowed to give evidence of another conversation said to have taken place with some employé of the railroad, in which the plaintiff told the employé that the mare was hurt, and the latter remarked that he had better take her off at Garden City; also, that the plaintiff gave evidence, over the objection of the defendant, to the fact that some railroad man was present when the mare was unloaded at Garden City, and knew where the horses were taken. The evidence established the fact that the mare was unloaded at Garden City, with the consent of the company, and we do not think there was any prejudicial error in this statement of the plaintiff. The company consented to the removal of the mare and accepted the freight.

II. It is urged that the written claim for damages was not served until some time after the mare had arrived at Garden City, and had been unloaded and placed in a stable in which other animals were kept. This question was raised by several instructions which were requested and refused, to the effect that, if the plaintiff did not give a written notice of his claim for damages for the loss of the mare in question to the station agent at Garden City until after the mare had been removed from the place of delivery to the livery stable, or until after she had mingled with other stock, the jury should return a verdict for the defendant. This raises substantially the

same question which we have just decided, in the case of *A. T. & S. F. Rld. Co. v. Temple,* and, upon the authority of that case, we think the instructions were properly refused. The mare was unloaded on the 5th of March, and until she died was kept separate from other stock. The jury found that the written claim for damages was delivered by the plaintiff to the station agent of the railroad company at Garden City about the 10th or 12th of March, 1887. This, we think, was sufficient.

III. The last objection urged by the plaintiff in error is, that the plaintiff below was permitted to give evidence, over the objection of the defendant, that the contract was signed after the stock had been loaded, and that he received no reduced rate. It is claimed that this evidence was foreign to the issue in the case. We do not know for what purpose this evidence was introduced. The defendant in error says there was no attack on the consideration and validity of the contract. The question was one of negligence, and the court instructed the jury that the action was upon a written contract, and that the railroad company had a right to limit its responsibility to the owner for the carrying of stock by special contract, so long as the limitation did not affect the liability on account of negligence or misconduct.

The court instructed the jury as to the contract and the performance of the condition precedent, thus eliminating this testimony from the case, and we think there was no material error in its admission.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.